```
                           United States Bankruptcy Court
                           Middle District of Pennsylvania
In re:                                                              Case No. 18-04394-HWV
Robert Paul Burris                                                  Chapter 13
         Debtor                    CERTIFICATE OF NOTICE

District/off: 0314-1           User: DDunbar              Page 1 of 2               Date Rcvd: Dec 11, 2018
                               Form ID: pdf002            Total Noticed: 34
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 13, 2018.
```
db         +Robert Paul Burris,    3504 N 6th Street,    Harrisburg, PA 17110-1424
cr         +Lower Allen Township,    2233 Gettysburg Road,    Camp Hill, PA 17011-7302
cr         +Lower Allen Township Authority,    120 Limekiln Road,    New Cumberland, PA 17070-2428
5120311    +BONNIE K MILLER, TAX COLLECTOR,    2233 GETTYSBURG ROAD,    CAMP HILL, PA 17011-7302
5120312     BUREAU OF ACCOUNT MGMT,    3607 ROSEMONT AVE STE 502,    PO BOX 8875,    CAMP HILL, PA 17001-8875
5120313    +CAMP HILL EMERGENCY PHYSICIANS,    PO BOX 13693,    PHILADELPHIA, PA 19101-3693
5120316    +CUMBERLAND COUNTY DEPT OF,    DOMESTIC RELATIONS,    13 N HANOVER ST,    CARLISLE, PA 17013-3014
5120317    +CUMBERLAND CTY TAX CLAIM BUREAU,    ONE COURTHOUSE SQUARE,    ROOM 106,    CARLISLE, PA 17013-3339
5120318    +DALVINE PONCIANO,    2985 MERIDIAN WAY,    APT 8,    MECHANICSBURG, PA 17055-6892
5120319    +DENNIS ZERBE, TAX COLLECTOR,    275 CUMBERLAND PKWY #325,    MECHANICSBURG, PA 17055-5677
5128315    +FIRST NATIONAL BANK OF,    PENNSYLVANIA,    4140 E STATE STREET,    HERMITAGE, PA 16148-3401
5120320    +FNB OF PENNSYLVANIA,    1114 EAST CARSON STREET,    PITTSBURGH, PA 15203-1124
5120323    +JP HARRIS ASSOCIATES LLC,    MUNICIPAL TAX ACCOUNTS,    PO BOX 226,
             MECHANICSBURG, PA 17055-0226
5120324     LOWER ALLEN TWP,    2233 GETTYSBURG RD,    CAMP HILL, PA 17011-7302
5120325    +LOWER ALLEN TWP AUTHORITY,    120 LIMEKILM RD,    NEW CUMBERLAND, PA 17070-2428
5120326    +MRSBPO,    1930 OLNEY AVENUE,    CHERRY HILL, NJ 08003-2016
5120327    +MS HERSHEY MEDICAL CENTER,    PATIENT FINANCIAL SERVICES,    PO BOX 853 MC-A410,
             HERSHEY, PA 17033-0853
5128383    +Nelnet on behalf of College Assist,    College Assist,    PO Box 16358,   St. Paul, MN 55116-0358
5120329    +PAM & BRIAN CAMPBELL,    400 DEERFIELD ROAD,    CAMP HILL, PA 17011-8438
5120330    +PENDRICK CAPITAL PARTNERS, LLC,    CUSTOMER SERVICE,    11808 ASHBROOK CT,
             GERMANTOWN, MD 20876-2725
5120331     PPL ELECTRIC UTILITIES,    ATTN: BANKRUPTCY DEPT,    827 HAUSMAN ROAD,    ALLENTOWN PA 18104-9392
5120333    +RENT A SPACE INC,    4150 INDUSTRIAL RD,    HARRISBURG, PA 17110-2949
5120334     RUSHMORE LOAN MANAGEMENT SERVICES,    CUSTOMER SERVICE DEPARTMENT,    PO BOX 55004,
             IRVINE, CA 92619-5004
5120336    +TSI/33,    PO BOX 15609,    WILMINGTON, DE 19850-5609
5120337    +UNEMP COMP OVERPAYMENT MATTERS,    DEPT OF L&I - OFFICE OF CHIEF COUNSEL,
             651 BOAS STREET 10TH FLOOR,    HARRISBURG, PA 17121-0751
5120338    +UNEMPL COMP TAX MATTERS,    HARRISBURG CASES L&I OFF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,
             HARRISBURG, PA 17121-0751
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5120314    +E-mail/Text: dehartstaff@pamd13trustee.com Dec 11 2018 19:13:35     CHARLES J DEHART, III, ESQ.,
             8125 ADAMS DRIVE STE A,    HUMMELSTOWN, PA 17036-8625
5120315     E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 11 2018 19:13:26     COMM OF PA DEPT OF REVENUE,
             BUREAU OF COMPLIANCE,    PO BOX 280946,    HARRISBURG, PA 17128-0946
5120321     E-mail/Text: cio.bncmail@irs.gov Dec 11 2018 19:13:17     INTERNAL REVENUE SERVICE - CIO,
             PO BOX 7346,    PHILADELPHIA, PA 19101-7346
5120328    +E-mail/Text: electronicbkydocs@nelnet.net Dec 11 2018 19:13:28     NELNET LNS,    PO BOX 1649,
             DENVER, CO 80201-1649
5120667    +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 11 2018 19:17:28
             PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5120332    +E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Dec 11 2018 19:17:29     REGIONAL ACCEPTANCE CORP,
             BANKRUPTCY DEPT,    1420-C EAST FIRE TOWER ROAD,    GREENVILLE, NC 27858-4139
5123820     E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Dec 11 2018 19:17:29     Regional Acceptance Corporation,
             PO Box 1847,    Wilson, NC 27894-1847
5120335    +E-mail/Text: bankruptcydepartment@tsico.com Dec 11 2018 19:13:38     TRANSWORLD SYSTEMS INC,
             500 VIRGINIA DRIVE, STE 514,    FORT WASHINGTON, PA 19034-2707
                                                                                              TOTAL: 8

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*        +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5120322*    IRS CENTRALIZED INSOLVENCY ORGANIZATION,    PO BOX 7346,    PHILADELPHIA, PA 19101-7346
                                                                                   TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 13, 2018                              Signature:  /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 11, 2018 at the address(es) listed below:

    Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
    Dorothy L Mott    on behalf of Debtor 1 Robert Paul Burris DorieMott@aol.com,
     KaraGendronECF@gmail.com;mottgendronlaw@gmail.com;bethsnyderecf@gmail.com
    James Warmbrodt    on behalf of Creditor   Wilmington Savings Fund Society, FSB, d/b/a Christiana
     Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
     bkgroup@kmllawgroup.com
    Kara Katherine Gendron     on behalf of Debtor 1 Robert Paul Burris karagendronecf@gmail.com,
     doriemott@aol.com;mottgendronlaw@gmail.com;bethsnyderecf@gmail.com
    Steven P. Miner    on behalf of Creditor   Lower Allen Township sminer@daleyzucker.com,
     aewing@daleyzucker.com
    Steven P. Miner    on behalf of Creditor   Lower Allen Township Authority sminer@daleyzucker.com,
     aewing@daleyzucker.com
    United States Trustee    ustpregion03.ha.ecf@usdoj.gov

TOTAL: 7

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER 13 |
|---|---|---|
| ROBERT PAUL BURRIS | : | |
| Debtor | : | CASE NO. 1:18-bk-04394 |
| | : | |
| | : | ☒ ORIGINAL PLAN |
| | : | |
| | : | ☐ AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.) |
| | : | |
| | : | ☐ 0 Number of Motions to Avoid Liens |
| | : | |
| | : | ☐ 0 Number of Motions to Value Collateral |

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ 0 Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☒ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

  A. **Plan Payments From Future Income**
     1. To date, the Debtor paid $ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $15,000.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 11/2018 | 10/2023 | $250.00 x 60 months | $ |  | $15,000.00 |
|  |  | $ | $ |  | $ |
|  |  | $ | $ |  | $ |
|  |  | $ | $ |  | $ |
|  |  | $ | $ |  | $ |
|  |  |  |  | Total Payments | $15,000.00 |

     2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.
     3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.
     4. CHECK ONE: ☐ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.
              ☑ Debtor is over median income. Debtor calculates that a minimum of $97,380.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

  B. **Additional Plan Funding From Liquidation of Assets/Other**

     1. The Debtor estimates that the liquidation value of this estate is $. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
  ☑  No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

**2. SECURED CLAIMS**
  A. **Pre-Confirmation Distributions**. *Check one*.

  ☑  None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

  B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**. *Check one*.

☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| REGIONAL ACCEPTANCE CORP | 2018 Kia Optima LX base, black (approx. 8,000 mile | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| REGIONAL ACCEPTANCE CORP | 2018 Kia Optima LX base, black (approx. 8,000 mile | Per allowed proof of claim $0 estimated | | Per allowed proof of claim |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☒ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

E. **Secured claims for which a § 506 valuation is applicable**. *Check one.*

☒ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

**F. Surrender of Collateral**. *Check one.*

☐ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

☒ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| CUMBERLAND CTY TAX CLAIM BUREAU | 3705 Lisburn Rd, Mechanicsburg, PA 17055 |
| FNB OF PENNSYLVANIA | 3705 Lisburn Rd, Mechanicsburg, PA 17055 |
| LOWER ALLEN TWP AUTHORITY | 3705 Lisburn Rd, Mechanicsburg, PA 17055 |
| LOWER ALLEN TWP AUTHORITY | 3701 +3705 Lisburn Rd, Mechanicsburg, PA 17055 |
| RUSHMORE LOAN MANAGEMENT SERVICES | 3701 Lisburn Rd, Mechanicsburg, PA 17055 |

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one.*

☒ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

**3. PRIORITY CLAIMS.**

  **A. Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. Attorney's fees. Complete only one of the following options:
     a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
     b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

  **B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below)**. *Check one of the following two lines.*

☐ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.
☒ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| DALVINE PONCIANO | $268.00 Claims for current spousal and child support and for arrearages will be paid outside the plan pursuant to 11 U.S.C.§1322(a)(4). |
| IRS CENTRALIZED INSOLVENCY ORGANIZATION | $18,000.00 estimated<br>Per allowed proof of claim |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☒ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

**4. UNSECURED CLAIMS**
   A. **Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| **Student loans** | Paid outside plan | $ | % | |
| **All other unsecured claims** | 100% | $ | % | |

   B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. *Check one of the following two lines*.

☐ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

☒ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| **RENT A SPACE INC** | **Lease of a storage space** | $150.00 | % | $0 | | Assume |

**6. VESTING OF PROPERTY OF THE ESTATE.**
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
☐ plan confirmation.
☐ entry of discharge.
☒ closing of case:

**7. DISCHARGE**: (Check one)
☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Secured claims, pro rata.
Level 5:    Priority claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    General unsecured claims.
Level 8:    Untimely filed unsecured claims to which the debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

(1) Claim amounts: The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.

(2) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.

(3) Lien Releases.

(a) Personal Property: Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(b) Real Property: Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(4) Notwithstanding the confirmation of this plan, the debtor(s) reserve the right to challenge the allowance, validity, or enforceability of any claim in accordance with §502(b) and to challenge the standing of any party to assert any such claim

/s/ Dorothy L. Mott, /s/ Kara K. Gendron
_____
Dorothy L. Mott, Kara K. Gendron
Attorneys for Debtor(s)

/s/ Robert Paul Burris
Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9